IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                                           CRIMINAL NO. 3:19-cr-266 DCB-LRA

DARIE DAREALL THOMPSON, (aka Dareall D. Thompson)           DEFENDANT

## MOTION TO DISMISS INDICTMENT

COMES NOW DARIE DAREALL THOMPSON, by and through counsel, pursuant to Rules 12(b)(3)(B) and 7(c)(1) of the Federal Rules of Criminal Procedure, and files this his Motion to Dismiss the Indictment in this case for failure to state an offense, and in support thereof would show unto the Court as follows:

### FACTS

1. The Defendant is charged in a two-count indictment with embezzlement in violation of Title 18, U.S. Code Section 666(a)(1)(A). The indictment alleges in Count 1 that Darie Dareall Thompson, being an agent and employee of the City of Meridian, Mississippi, aided and abetted by others unknown, did knowingly embezzle, steal, and **obtain by fraud**, and otherwise without authority knowingly convert to his own use, eight thousand, seven hundred fifty-one dollars ($8,751.00) in funds owned by and under the care, custody and control of the City, a local government entity which received in excess of ten thousand dollars ($10,000.00) in federal funding during the one- year period from October 1, 2016 to September 30, 2017. Count II charges the same violation of law but alleges that the Defendant, being an agent and employee of the City of Meridian, Mississippi, aided and abetted by others unknown, did knowingly embezzle, steal, and

**obtain by fraud**, and otherwise without authority, knowingly convert to his own use five thousand, four hundred and seventy-five dollars ($5,475.00) in funds owned by and under the care, custody and control of the City, between October 1, 2017 and September 30, 2018. Although both counts allege that the funds allegedly embezzled were "**obtained by fraud**," the indictment fails to provide any facts regarding this fraud or what the fraudulent scheme was. In fact, neither count of the indictment gives any elaboration regarding what fraudulent conduct the Defendant engaged in.

By way of background, Dareall Thompson was a Meridian Police Officer with 17 years on the force during the period alleged in the indictment. He was a member of the gang unit, working from 3:30 or 4:00 p.m. to 11:30 p.m. or 12:00 a.m. and served as the Public Information Officer or spokesperson for MPD, which kept him on call at any time of the day or night. For approximately the preceding 7 years, Dareall also worked as a school resource officer for the Meridian Public School Sytem. His hours at the school system were 7:30 a.m. to 3:00 p.m. He was paid approximately $23.00 per hour at the Meridian Police Department during 2016 and received a raise to $23.57 in March of 2017. The Meridian Public School System paid him a salary of $46,418.83 for 235 days, which equates to approximately $22.50 per hour.

## LAW

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. This Rule embodies the due process requirements set forth in the United States Constitution. The Fifth Amendment provides that no person shall be held to answer for a capital, or otherwise infamous crime, unless upon a presentment or indictment of a grand jury, nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb. The

Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to be informed of the nature and cause of the accusation. The language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. While the requisite specificity can be achieved by incorporation of another count, **this must be expressly done**. *Davis v. United States*, 357 F.2d, 438 (5th Cir. 1956).

In *U.S. v. Schmitz*, (11th Cir. 2011), an Alabama legislator was indicted for mail fraud and four counts of theft from a federally-funded program in violation of 18 U.S. Code, § 666(a)(1)(A). The indictment in that case was virtually identical to the allegations in this case. The indictment alleged that Schmitz was an agent of the CITY program, and that the CITY program was an organization that received federal benefits in excess of $10,000.00 per year. The indictment further alleged that Schmitz knowingly and wilfully did "embezzle, steal, **obtain by fraud** and without authority convert to her own use, and intentionally misapply" the salary she received over four years from working for the CITY program.[1] Schmitz filed a motion to dismiss the indictment, arguing that all the counts were insufficiently specific. In particular with regard to the allegations charging the federal funds accounts, she argued that the allegations of fraud in those counts were insufficient because they did not include a statement of facts and did not incorporate any of the allegations of fraud in the additional mail fraud counts set out in her indictment. Schmitz argued that the allegations of fraud in the federal funds accounts were insufficient because they did not present the

---

[1] This is virtually the identical language used by the government in Counts I and II of the indictment charging Darie Dareall Thompson.

essential elements of fraud and did not notify her of the charges to be defended against. She pointed out, in her case as in this case, there were no factual allegations whatsoever set forth regarding the scheme to defraud.[2] The appellate court held that the allegations of fraud charging violations of 18 U.S. Code, § 666(a)(1)(A) were insufficient because they provided absolutely no factual detail regarding the scheme to defraud the CITY program. The Court went on to note that for an indictment to be legally sufficient, it must notify the accused of the charges to be defended against and contain a plain, concise, and definite written statement of the essential facts constituting the offense charged. Even when an indictment "tracks the language of the statute, **'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged**.'" *Citing, United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003), (*Citing, Russell v. United States*, 369 U.S. 749, 765 (1962). The Court concluded that while the language contained in the *Schmitz* indictment did in fact track 18 U.S.C., § 666(a)(1)(A), the counts alleged no facts or circumstances that informed Schmitz of these specific charges. As a result, the allegations of fraud in the federal funds counts were determined to be insufficient as a matter of law, and the conviction was overturned. The indictment in this case is virtually identical to the indictment in *Schmitz* and is also insufficient as a matter of law and should therefore be dismissed.

---

[2] The indictment in *Schmitz* charged that Schmitz was an agent of the CITY program, and the CITY program received federal benefits in excess of $10,000.00 per year. The indictment then charged that from January 2003 to October 2006, she "knowingly and wilfully did embezzle, steal, **obtain by fraud** and without authority convert to her own use, and intentionally misapply" the salary she received from the CITY program from 2003 through 2006, with each year of salary representing a separate count.

WHEREFORE, PREMISES CONSIDERED, counsel for the Defendant Darie Dareall Thompson respectfully moves this Honorable Court to enter an order dismissing both Counts of the indictment in this case.

RESPECTFULLY SUBMITTED, this the 27th day of August, 2020.

/s/ Joe M. Hollomon
JOE M. HOLLOMON, ATTORNEY FOR AND
ON BEHALF OF DARIE DAREALL THOMPSON

OF COUNSEL:

Joe M. Hollomon, Esq.  (MSB # 2551)
JOE M. HOLLOMON & ASSOCIATES, P.A.
107 North State Street
Post Office Box 22683
Jackson, Mississippi  39225-2683
Tel.  601-353-1300
Fax  601-353-1308
jhollomon@outlook.com
joehollomonlaw@yahoo.com

## CERTIFICATE OF SERVICE

I, Joe M. Hollomon, do hereby certify that I have this date electronically filed the foregoing *Motion to Dismiss Indictment* with the Clerk of the Court using the Electronic Case Filing (ECF) system, which sent notification of such filing to all counsel of record.

THIS, the 27th day of August, 2020.

/s/ Joe M. Hollomon
JOE M. HOLLOMON, ESQ.