UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

VS.                           CRIMINAL ACTION NO. 3:19-CR-266-DCB-LRA

DARIE DAREALL THOMPSON                                           DEFENDANT

ORDER

This matter comes before the Court on Defendant Darie Dareall Thompson's Motion to Dismiss Indictment. [ECF No. 26]. Having considered the motion, the response, and the applicable statutory and case law, and being otherwise fully informed in the premises, this Court finds that the Motion to Dismiss the Indictment should be DENIED.

Background

Thompson is a former employee of the Meridian, Mississippi Police Department and the Meridian Public School District. The Meridian Police Department and the Meridian Public School District are both recipients of federal fund grant programs. The Mississippi State Auditor's Office discovered several instances of Meridian Police Department Employees receiving large payments for hours and dates not worked. Thompson has been indicted on two counts of theft and embezzlement from an agency receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A). The Defendant moves to dismiss based on failure to state an offense.

1

Discussion

A motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment; therefore, the Court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated." United States v. Kay, 359 F.3d 738, 742 (5th Cir.2004) (quoting United States v. Hogue, 132 F.3d 1087, 1089 (5th Cir.1998)). Federal Rule of Criminal Procedure 7(c)(1) requires that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." See F.R.C.P. 7(c)(1). "It is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." United States v. Bearden, 423 F.2d 805, 810 (5th Cir. 1970).

"The sufficiency of an indictment is measured by two criteria: (1) whether the indictment contains the elements of the offense charged and sufficiently apprises the defendant so that he will not be misled while preparing his defense; and (2) whether the defendant is protected against another prosecution for the same offense." Id. (citing Russell v. United States, 369 U.S. 749, 763, (1962); Berger v. United States, 295 U.S. 78, 82(1935)).

To be in violation of 18 U.S.C. §666 one must(1) be an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof, (2) embezzle, steal, obtain by fraud, or otherwise without authority knowingly convert to the use of any person other than the rightful owner or intentionally misapplies, property that (3) is valued at $5,000 or more, and (4) is owned by, or is under the care, custody, or control of such organization, government, or agency. Thompson's indictment follows the wording of the statute, it alleges Thompson "being an agent and employee of the City of Meridian, Mississippi . . . did knowingly embezzle, steal, and obtain by fraud, and otherwise without authority knowingly converted to his own use" funds in the amount of $8,751 (Count 1) and $5,475 (Count 2). [ECF No. 29]. The indictment specifies the amount and a range of dates for when the offense took place. Id. The language of the statute, coupled with the specified amounts and dates, is sufficient to put the Defendant on notice of the crime he is charged with as well as protect him against another prosecution for the same offense.

The Defendant relies on United States v. Schmitz, suggesting that the Court dismiss the indictment on grounds of insufficiency. See United States v. Schmitz, 634 F.3d 1247 (11th Cir. 2011). In Schmitz, the 18 U.S.C. § 666(a)(1)(A) counts alleged that Schmitz, "knowingly and willfully did embezzle, steal, obtain by fraud and without authority convert to her own use and misapply" her salary,

3

for a three year period, alleging each salary year as a separate count. Schmitz, 634 F.3d at 1257. The Eleventh Circuit found "that the allegations of fraud in the federal-funds counts [were] insufficient because they provide[d] absolutely no factual detail regarding the scheme to defraud the [government] program." Id. at 1261. Express incorporation of factual allegations is necessary "where it is not at all apparent from the face of the indictment that the facts of the mail-fraud counts overlap with the facts of the federal-funds counts. The federal-funds counts . . . do not stand on their own content, and do not expressly incorporate any allegations about the scheme to defraud from the mail-fraud counts." Id. at 1263. The charge in Schmitz was insufficient because it did not expressly incorporate the necessary facts into the federal funds count, it was not apparent how drawing one's own salary could be considered fraud.

The Fifth Circuit has noted "an indictment does not have to set out evidence or details of how a crime was committed as long as it gives the defendant notice of what the government is charging." United States v. Kay, 359 F.3d 738, 759 (5th Cir. 2004). The specified amount stated in the charge coupled with the dates from which the amount was received is enough information to put Thompson on notice of the charges against him. Unlike Schmitz, here each count of the indictment can stand on its own.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss the Indictment is DENIED.

SO ORDERED this the 1st day of October, 2020.

\s\ David Bramlette
UNITED STATES DISTRICT JUDGE